FILED
2008 Jan-28  AM 11:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **NORVEE SMITH,** | ) |
| **Plaintiff,** | ) |
| vs. | ) CV 06-B-4717-S |
| **MICHAEL J ASTRUE,** Commissioner of Social Security, | ) |
| **Defendant.** | ) |

### MEMORANDUM OPINION

Plaintiff Norvee Smith brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the decision of the Commissioner of Social Security denying her application for supplemental security income. Upon review of the record, the submissions of the parties, and the relevant law, the court is of the opinion that the Commissioner's decision is due to be reversed and remanded for further proceedings in conformity with this Memorandum Opinion.

### I. STANDARD OF REVIEW

In reviewing claims brought under the Social Security Act, this court is limited to determining whether the Commissioner's factual findings are supported by substantial evidence and whether he applied the correct legal standards. *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988), *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Substantial evidence is "more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v.*

*Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)(citations omitted). This court may not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Id*. Even if it finds the evidence preponderates against the Commissioner's decision, this court must affirm if the decision is supported by substantial evidence. *Id*. Despite this deferential standard, this court must consider the record in its entirety, and take into account evidence that is both favorable and unfavorable to the Commissioner's decision. *Lamb,* 847 F.2d at 701, *Chester*, 792 F.2d at 131. No presumption of correctness attaches to the legal standards applied by the Commissioner. *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987).

## II. **DISCUSSION**

At the time of the hearing before the Administrative Law Judge ["ALJ"], plaintiff was 52 years old and had a ninth-grade education. (R. 22.) She had past relevant work experience as a cook. (*Id*.) She alleged that she became disabled on September 1, 2004, "due to ulcers, nerves, bronchitis, back problems, a slipping knee, affective disorder, and mood disorder." (*Id*.) She has not engaged in substantial employment before 1990.[1] (*See* R. 22, 59, 71, 78, 223.)

The ALJ found that plaintiff had the following severe impairments – "peptic ulcer; chronic low back pain; hypertension; gastroenteritis; Major Depressive Disorder, recurrent, moderate, with psychotic features; and, R/O Generalized Anxiety Disorder." (R.30.) He determined:

---

[1] The record contains evidence that plaintiff has some limited work in 1993. (R.59.)

2

> The claimant has the residual functional capacity to perform less than a full range of light work activity with the additional limitations of occasionally lifting and carrying 20 pounds; she can frequently lift and carry 10 pounds; she can stand and walk 6 hours in an 8-hour workday; she can sit 6 hours in an 8-hour day; she can do simple not complex tasks and maintain attention and concentration at those tasks for an 8-hour day provided customary breaks are given; contact with the general public and coworkers should be minimal and casual and her work environment should be well spaced; supervision should be direct and non-confrontational; she would likely miss one to two days of work per month due to psychologically based symptoms; and, changes to her work environment should be gradual and well explained.

(*Id*.)  Considering her residual functional capacity, the ALJ found plaintiff was not capable of returning to her past relevant work as a cook.  (*Id*.)  However, based on the testimony of a vocational expert, the ALJ found plaintiff was capable of performing a significant number of jobs in the national economy, including inspector/assembler.  (R.29-30.)  Therefore, he found plaintiff was not disabled.  (R.30.)

In determining plaintiff's residual functional capacity, the ALJ considered the report of Ann Marie Oberheu, M.D., who had examined plaintiff on behalf of the Commissioner.  In her report, Dr. Oberheu noted, "[Plaintiff's] last work [was] 15 years ago, [and] she has been off and on sick over the years, which has not allowed her to consistently work."  (R.116.)  Dr. Oberheu also stated, "She continues to function at a minimal level.  She has difficulty with prolonged standing, sitting, squatting."  (*Id*. at 117.)  However, she found, "It appears today and was by her history that medically [plaintiff] has had a myriad of issues over the years that have ***not*** precluded her ability to work in gainful employment on a regular basis."  (*Id*. [emphasis added]. )

3

Based on consideration of Dr. Oberheu's complete report of her evaluation, the court finds that Dr. Oberheu mistakenly stated that plaintiff had actually engaged in gainful employment on a regular basis over the years and that she believed plaintiff was capable of performing gainful employment. The word "not" seems to have been inserted by error because Dr. Oberheu acknowledges that plaintiff has not worked for 15 years, (R. 116), and, indeed, the record shows that plaintiff had not worked since before 1990, (R. 59). Yet, despite the apparent inconsistency between this sentence in Dr. Oberheu's report, noting that plaintiff's impairments had *not* prevented her from working in the past, and the record, showing that plaintiff has not worked since before 1990, the ALJ relied on the single sentence in Dr. Oberheu's report to support his finding that plaintiff was capable of "performing substantial gainful activity." (R.27 ["Nonetheless, [Dr. Oberheu] concluded that the claimant's myriad of issues do not preclude her from performing gainful employment on a regular basis."].) Such a finding is clearly not supported by the single sentence in Dr. Oberheu's report, and the single sentence, which appears to contain a typographical error, is insufficient to support the ALJ's determination of plaintiff's residual functional capacity.[2]

The record does not contain substantial evidence that plaintiff is capable of performing a limited range of light work. However, the record contains evidence from examining health care providers that plaintiff is not capable of performing substantial gainful

---

[2]The only other medical source statement concerning plaintiff's physical residual functioning capacity, a report from Jack L. Zaremba, M.D., was rejected by the ALJ. (R.26, 28.)

4

activity. (*See* R. 116-20, 188-94.) "[W]here there is medical proof of disability, the government cannot deny disability benefits without some medical opinion that in fact the claimant is capable of gainful employment." *Goodley v. Harris*, 608 F.2d 234, 236 (5th Cir. 1979).[3]

Therefore, the court finds that this case is due to be reversed and remanded to the Commissioner for further proceedings including, but not limited to, a re-determination of plaintiff's residual capacity.

### III. CONCLUSION

For the reasons set forth above, the decision of the Commissioner is due to be reversed and remanded. An Order reversing the decision of the Commissioner and remanding this matter for further proceedings will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 28th day of January, 2008.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

[3]Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).